IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-16-1098 |
| MONTGOMERY COUNTY, et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned Complaint was filed on April 13, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted. Plaintiff also has filed a Supplement to the Complaint. ECF No. 3.

The Complaint characterizes the facts and arguments in this case as:

4. Facts of the case are:

Montgomery County parking management has been issuing parking citations, to vehicle operated by Plaintiff; not owned by plaintiff. Per Ms. Ham at Parking Management; enforcement officer may boot; or tow the vehicle for none payment without first going to court and obtain Court's order. Because of Ms. Ham's statement; while all the parking citations are in court; being contested; Plaintiff could no longer engage in political protest statement; in unconstitutionality of metered parking.

. . .

6. Argument of the cases are:

Terry Stop; Terry v Ohio (1968) allows police or officer of the law; to stop the public without warrant form court; in lawful violation of 4th amendment; and 14th amendment.

For parking citation there are no lawful warrantless search equivalent to Terry Stop.

When State enters home with search warrant; to alter the stereo to search for serial number; not allowed in Search warrant results invalidation of serial number.

To search for unpaid parking citation vehicle; which is 'and effects' of 4th amendment; police need search warrant; with probable cause.

>Court will not issue search warrant for 15 dollars per incident; or 100. to engage; police could not have list of offending vehicles; because to compile list, police need to engage search; tag number and description of car is also part of 'and effects'; Therefore, police need court's warrant.

Compl. 2-3.

Plaintiff seeks injunctive relief regarding the booting and towing of vehicles for unpaid parking citations. *Id.* at 4.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf based on his receipt of parking citations. A separate Order follows dismissing this case.

_June 23, 2016_
Date

_____
Paul W. Grimm
United States District Judge